Thomas Dimitre, SBN 103721
PO Box 801
Ashland, OR 97520
Phone: 541 890 5022
Fax: 541 488 4601
Email: dimitre@mind.net

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| **JERRY SMITH**, an individual | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **CITY OF MEDFORD, JASON BECKER**, an individual | For Violations of Title II of the Americans With Disabilities Act, the Rehabilitation Act, and Section 1983 |
| Defendants | |
| | **Request for injunctive and declaratory relief** |

Plaintiff JERRY SMITH hereby brings this COMPLAINT and alleges as follows:

**1.**

Plaintiff was at all times relevant herein, a resident of Medford, Oregon. All of the activities, programs and services that Plaintiff has attempted to access are all in the City of Medford, Oregon.

**2.**

Defendant, City of Medford, Oregon. is an Oregon municipality, organized under the laws of the State of Oregon. It is a public entity as defined by Title II of the Americans with Disabilities Act (ADA) and Rehabilitation Act. It also receives federal funds for its transportation

projects, including the building, reconstruction and construction of sidewalks and crosswalks.

3.

Defendant, Jason Becker was, at all pertinent times, a police officer for the City of Medford, Oregon police department, and was the police officer who refused to enforce the American's with Disabilites Act and Oregon state law in ensuring that Plaintiff had a clear path on city facilities, namely the sidewalk outside of and adjacent to his home on Tanglewood Lane, Medford, OR.

4.

All of the acts about which Plaintiff complains occurred in Medford, Jackson County, Oregon, making venue proper in the Medford District of the Oregon District Court.

**FACTS**

5.

Plaintiff has been a resident of Medford since 2005.

6.

Plaintiff has neurological disorders including, but not limited to, Charcot-Marie- Tooth disease, severe neuropathy, severe balance problems and severe pain, which require him to us either a cane, a wheelchair or a scooter in order to be mobile.

7.

Plaintiff has a physical disability that substantially limits one or more major life activity.

8.

The major life activity that is substantially limited by Plaintiff's disability is that of walking.

9.

Therefore, Plaintiff is disabled as defined by the Americans with Disabilities Act (ADA)

2

and Rehabilitation Act (RA).

**10.**

Plaintiff often uses the streets, sidewalks and crosswalks in the City of Medford, in order to get around town.

**11.**

In 2021, and continuing, Plaintiff has been and continues to be substantially limited in getting around town, accessing City of Medford services, programs and activities due cars parked on the sidewalks.

**12.**

The City of Medford is responsible for the construction and maintenance of the streets, sidewalks and crosswalks and for clearing obstructions/maintaining on city streets, sidewalks and crosswalks.

**13.**

Since 2010 and preceding to the present, and continuing, Plaintiff has encountered obstructions in his travels throughout Medford, Oregon that substantially limit his ability to travel through City of Medford streets. The obstructions have precluded Plaintiff from participating in, or obtaining the benefits of, the goods, services, programs, and activities of the City of Medford, and otherwise discriminated against the Plaintiff on the basis of disability.

**14.**

Specifically, on May 20, 2021 Plaintiff attempted to use the sidewalk near his home on Tanglewood Drive, Medford, Oregon.

**15.**

Plaintiff was obstructed from using the sidewalk, due to the residents living at 1711 Tanglewood Lane, Medford, Oregon**,** having a truck and trailer combination parked across the

sidewalk.

16.

Plaintiff attempted to step over the hitched portion of the truck/trailer combination. Plaintiff tripped on the hitch, fell and hit his head. Plaintiff suffered a concussion, blurred and double vision, headaches, and TIA/mini-strokes due to the fall and was hospitalized. He lost vision in his right eye for a time.

17.

Plaintiff made a complaint to the City of Medford regarding the truck/trailer combination parked across the sidewalk.

18.

On June 9, 2021, Medford Police Officer Becker, came to Plaintiff's home in response to the complaint.

19.

During that conversation, Officer Becker made the following statements to Plaintiff:

**Officer Becker:**

"It is ok to block sidewalks under Oregon law." [1]
"There is leeway that allows people to move, load or unload."
"Sidewalks are not covered under the City (ordinance)."
"6.360 does not cover parking."
"Therefore, the City does not have a clear one for that so I use the parking one. Technically we don't have sidewalk one (code)."

**Plaintiff Smith:**

"Smith: "There is something called the Americans with Disabilities Act."

---

[1] Oregon law states the following:
6.360 Obstructions in Right of Way
(1) No person shall place, cause to be placed, or permit to remain on a street or sidewalk anything that obstructs or interferes with public use of a street or sidewalk or interferes with the normal flow of pedestrian or vehicular traffic.

4

**Officer Becker:**

"We don't get involved with that. I'm a municipal police officer, I only go with our state statutes and city codes. We don't deal with any of that. That is something that you would have to take care of separately. I'm only dealing with the state statutes and city codes. I can't enforce federal law. I'm not a federal officer, I can't do it."

**Plaintiff Smith:**

"It's not a matter of enforcing federal law. Your law has to meet theirs (federal law).

**Officer Becker**:

"I'm not a federal agent, I don't enforce any of that stuff. I can only enforce certain laws. I'm a municipal police officer, that's all I am."

### 20.

It was on this date that it became apparent to Plaintiff that Defendant was not going to enforce the law regarding vehicles being prohibited from blocking sidewalks.

### 21.

In its Motion for Summary Judgment (case no. 1:17-cv-00931-CL), filed on January 13, 2020, the City of Medford claimed that it enforces the City's right of way obstruction ordinance through the Medford Police Department. (MSJ, page 19)

### 22.

The City went on to state: "Plaintiff's complaint raises questions about whether the City enforces its right-of-way-obstruction ordinance, which among other things prohibits individuals from parking across sidewalks."

### 23.

Defendant argued in that case that it did, in fact, enforce its obstruction of right of way ordinances, and that it intended to continue doing so.

### 24.

However, it is clear that the City of Medford refuses to abide by the Americans with

Disabilities Act, and Oregon Revised Statues, that require the Defendant to keep its sidewalks unobstructed so that disabled citizens can pass.

**25.**

On December 9, 2021, Plaintiff sent a Tort Claim Notice under the Oregon Tort Claims Act to Defendant.

**FIRST CAUSE OF ACTION
VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
DISCRIMINATION AGAINST PERSON WITH A DISABILITY
Violation of 42 U.S.C. 12132
And 28 C.F.R. 35.130 (a), (b)(l)(i), (ii),{vii), (b)(2), (b)(3)(i),(ii),(ii), (b)(4)(i),(c), 28 C.F.R. 35.150 (d), 28 C.F.R. 35.151, 28 C.F.R. 35.133**

**26.**

Plaintiff realleges and reincorporates by reference herein all of the allegations contained in paragraphs 1 though 25, above.

**27.**

42 U.S.C. 12132 states the following:

"Subject to the provisions of this subchapter, no qualified individual with disability shall, by reason of such disability, be excluded from participation in or be denied the benefits o services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

**28.**

28 C.F.R. 35.130 (a) states the following:

"(a) No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."

28 C.F.R. 35.130 (b)(l),(2),(3), and (4) state the following:

"(1) A public entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability -
(i)     Deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service;
(ii)    Afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others:

6

(iii)   Provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others;
(iv)   Provide different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others;
(v) Aid or perpetuate discrimination against a qualified individual with a disability by providing significant assistance to an agency, organization, or person that discriminates on the basis of disability in providing any aid, benefit, or service to beneficiaries of the public entity's program;
(2)   A public entity may not deny a qualified individual with a disability the opportunity to participate in services, programs, or activities that are not separate or different, despite the existence of permissibly separate or different programs or activities.
(3)   A public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration:
(i)   That have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability;
(ii)   That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities; or
(iii)   That perpetuate the discrimination of another public entity if both public entities are subject to common administrative control or are agencies of the same State.
(4) A public entity may not, in determining the site or location of a facility, make selections –
(i)   That have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination; or
(ii)   That have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the service, program, or activity with respect to individuals with disabilities.
(7)
(i) A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."


28 C.F.R. 35.130(d) et seq. states the following:

"(d) Transition plan.
(1) In the event that structural changes to facilities will be undertaken to achieve program accessibility, a public entity that employs 50 or more persons shall develop, within six months of January 26, I 992, a transition plan setting forth the steps necessary to complete such changes. A public entity shall provide an opportunity to interested persons, including individuals with disabilities or organizations representing individuals with disabilities, to participate in the development of the transition plan by submitting comments. A copy of the transition plan shall be made

7

available for public inspection.
(2) If a public entity has responsibility or authority over streets, roads, or walkways, its transition plan shall include a schedule for providing curb ramps or other sloped areas where pedestrian walks cross curbs, giving priority to walkways serving entities covered by the Act, including State and local government offices and facilities, transportation, places of public accommodation, and employers, followed by walkways serving other areas.
(3) The plan shall, at a minimum –
(i) Identify physical obstacles in the public entity's facilities that limit the accessibility of its programs or activities to individuals with disabilities;
(ii) Describe in detail the methods that will be used to make the facilities accessible;
(iii) Specify the schedule for talking the steps necessary to achieve compliance with this section and, if the time period of the transition plan is longer than one year, identify steps that will be taken during each year of the transition period; and
(iv) Indicate the official responsible for implementation of the plan."

28 C.F.R. § 35.133 Maintenance of accessible features.

(a) A public entity shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.
(b) This section does not prohibit isolated or temporary interruptions in service or access due to maintenance or repairs."

**29.**

Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity from excluding a person with a disability from participating in, or denying the benefits of, the goods, services, programs, and activities of the entity or otherwise discriminating against a person on the basis of disability. 42 U.S.C. Sec. 12321. Sidewalks, roads, streets and other infrastructure are goods, services, programs and activities of the City of Medford.

**30.**

The regulations implementing Title II of the ADA provide that a public entity must maintain the features of all facilities required to be accessible by the ADA. 28 C.F.R. Section 35.133. Facilities required to be accessible include government buildings and facilities, roads,

8

walks, passageways, parking lots and rights of way. 28 C.F.R. Section 35.104.

**31.**

The failure of the City of Medford to make sidewalks and roads accessible by removing obstructions, to ensure that sidewalks are free from obstructions such as mailboxes, fire hydrants, telephone poles, vehicles, and other obstructions, and to remove and/or cite cars parked on the sidewalks violates 42 U.S.C. 12332 and 28 C.F.R. Section 35.130 (a) (b) and (d)(2), 28 C.F.R. Section 35.151(a), (b) and (c), 28 C.F.R. 35.133, 28 C.F.R. Section 35.104

**32.**

The violations of 42 U.S.C. 12332 and 28 C.F.R. Section 35.130. (a)(b)(d)(2), 28 C.F.R. Section 35.15 l(a), (b), and (c) 28 C.F.R. 35.133, 28 C.F.R. Section 35.104 by Defendant are ongoing and continuous violations of the ADA, and has led to the exclusion of Plaintiff from participating in or being denied the benefits of goods, services, programs, or activities of the City of Medford, and has led to him being subjected to discrimination by the City of Medford. Unless restrained from doing so, Defendant will continue to violate the ADA. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law. Consequently, Plaintiff is entitled to injunctive relief pursuant to section 308 of the ADA, 42 U.S.C. Section 12188.

**33.**

Plaintiff requests that the Court issue a declaratory ruling that the City of Medford has violated 28 C.F.R. 35.130 and requests that the Court enjoin the City of Medford from continuing to violate this section and requests compensatory damages for Plaintiff.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE REHABILITATION ACT
### Section 504

**34.**

Plaintiff realleges and reincorporates by reference herein all of the allegations contained in paragraphs 1 through 33, above.

**35.**

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Section 794, and the regulations promulgated hereunder, prohibit discrimination against people with disabilities by recipients of federal funding. Section 504 provides, in pertinent part, that:

> "No otherwise qualified handicapped individual... shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

**36.**

Plaintiff is a "disabled/handicapped" individual as defined in 29 U.S.C. 705.

**37.**

The Rehabilitation Act and its implementing regulations require that the City of Medford administer programs/activities in the most integrated setting appropriate to the needs of qualified handicapped/disable persons.

**38.**

Defendants have received substantial federal financial assistance at al relevant times.

**39.**

Defendants have discriminated against Plaintiff in programs and activities receiving federal financial assistance solely because of the disabilities of Plaintiff Smith, in violation of 29 U.S.C. section 794 and the regulations promulgated hereunder.

**40.**

The failure of Defendant to: 1) to make sidewalks and roads unobstructed, 2, to remove and/or cite cars parked on the sidewalks, and 3) to maintain the features of facilities required to be accessible b the ADA, violates Section 504 of the Rehabilitation Act.

**41.**

The violations of Section 504 of the Rehabilitation Act by Defendant are ongoing. Those violations and the continuous violations of the ADA has led to the exclusion of Plaintiff from participating in and/or being denied the benefits of goods, services, programs, or activities of the City of Medford, and has led to him being subjected to discrimination by the City of Medford.

**42.**

Unless restrained from doing so, Defendant will continue to violate the Rehabilitation Act. Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law. Consequently, Plaintiff is entitled to injunctive relief pursuant to the Rehabilitation Act.

**43.**

Plaintiff requests that the Court issue a declaratory ruling that the City of Medford has violated the Rehabilitation Act and requests that the Court enjoin the City of Medford from continuing to violate this section and requests compensatory damages for Plaintiff.

**THIRD CAUSE OF ACTION**
**Violation of 42 US Code Section 1983**
**(City of Medford and Jason Becker)**

44.

Plaintiff realleges and reincorporates by reference herein all of the allegations contained in paragraphs 1 through 43, above.

45.

42 USC Code Section 1983 states the following:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

46.

The conduct by Officer Becker, acting in his capacity as a City of Medford, Oregon police officer, under color of state law, to refuse to enforce the Americans with Disabilities Act and Oregon state law, regarding keeping sidewalks unobstructed in and near Plaintiff's residence, therefore deprived Plaintiff of his constitutional/statutory rights to use the sidewalks of the City of Medford unabated.

47.

The conduct by the City of Medford, acting through Officer Becker, under color of state law, to refuse to enforce the Americans with Disabilities Act and Oregon state law, regarding keeping sidewalks unobstructed in and near Plaintiff's residence, therefore deprived Plaintiff of his constitutional/statutory rights to use the sidewalks of the City of Medford unabated.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Jerry Smith, prays for judgment against defendant, granting the following relief:

1. A declaration by the Court that Defendant has violated the above provisions.

2. An order and judgment enjoining Defendant from violating the Americans with Disabilities Act. Section 504 of the Rehabilitation Act of 1973 and US Code 1983.

3. A declaration that the facilities listed herein under the jurisdiction of Defendant, including the sidewalks are constructed, designed and/or maintained in a manner which discriminates against Plaintiff and which fails to provide program access for persons with disabilities as required by law;

4. Compensatory damages, of $250,000 for the exclusion of Plaintiff from participating in or being denied the benefits of services, programs, or activities of Defendant, loss of peace of mind and enjoyment of life, emotional distress, and other specific and general damages;

5. Attorney's fees and costs as allowed by 42 U.S.C. Section 12205 of the Americans with Disabilities Act, 42 USC Section 1988, and Section 794 (a) of the Rehabilitation Act.

6. Punitive damages, as allowed under *Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625* (1983).

7. Prejudgment and post judgment interest;

8. Civil penalties and fines as determined by statute;

9. Any other relief to which Plaintiff may be entitled upon proof at trial that the Court deems just and proper.

/s/ Thomas Dimitre
_____
Thomas Dimitre SBN 103721
Attorney for Plaintiff
Jerry Smith                Dated April 8, 2022